**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

ADAM NAHAS,

Plaintiff,

v.

ARTISAN ALLEY, LTD.,
JUSTIN COX,
AMBER ROBINSON,
CASEY RICH,

Defendants.

Case No. 1:23-cv-01651-TWP-KMB

**ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on a Motion for Default Judgment against Defendant Artisan Alley, Ltd. ("Artisan Alley") (Filing No. 67), filed by Plaintiff Adam Nahas ("Nahas"). Artisan Alley's counsel moved to withdraw their appearance on June 2, 2026, the withdrawal was granted on June 4, 2026, and since that time no attorney has appeared. Nahas now asks the Court to direct the Clerk to enter Artisan Alley's default under Rule 55(a), and thereafter, enter default judgment under Rule 55(b) against Artisan Alley on his breach of contract and Indiana wage claims, and as to liability on his Fair Labor Standards Act ("FLSA") claim. For the following reasons, Nahas's Motion is **granted in part.**

## I. BACKGROUND

On August 25, 2023, Nahas initiated this action in Monroe Circuit Court (Filing No. 1 at 1). Nahas was the former Executive Director of Artisan Alley, an Indiana not-for-profit corporation. Nahas's Complaint alleges that Artisan Alley made a contractual promise to pay him wages and failed to do so (Filing No. 1-3). He brings the following claims: Count 1: Breach of Contract against Artisan Alley; Count 2: Violation of the Indiana Wage Payment and/or Wage

Claims Statute against Artisan Alley; and Count 3: Violations of the FLSA against Artisan Alley, as well as Justin Cox, Amber Richardson, and Casey Rich (collectively, the "Individual Defendants," and together with Artisan Alley, "Defendants"). *Id.* at 4–6. On September 13, 2023, Defendants removed the case to federal court, and on October 19, 2023, Defendants filed an Answer to Plaintiff's Complaint and Statement of Affirmative Defenses (Filing No. 11).

On August 15, 2024, Artisan Alley filed a Notice of Bankruptcy (Filing No. 36), and the Court stayed all proceedings as to Artisan Alley only (Filing No. 37). On December 12, 2025, the parties filed a joint status report stating that "Artisan Alley LTD. has completed its Chapter 7 bankruptcy liquidation and has been determined to be a 'no-asset' entity for the benefit of unsecured creditors, and its bankruptcy case has been formally closed." (Filing No. 51). The stay was lifted on January 8, 2026 (Filing No. 52).

Following the closure of Artisan Alley's bankruptcy case, the attorneys representing Defendants moved to withdraw their appearances as counsel for Artisan Alley only[1] (Filing No. 64). In their motion to withdraw, counsel reported that

> 3. The Chapter 7 Bankruptcy Trustee has liquidated the corporate bankruptcy estate, distributed zero assets, and has been formally discharged by the Bankruptcy Court. The bankruptcy case has since been closed, leaving Artisan Alley fully liquidated and without remaining assets. . . .
>
> 5. Pursuant to Indiana Rule of Professional Conduct 1.13(a), an attorney retained by an organization represents the entity acting *through its duly authorized constituents*. Because Artisan Alley is dissolved, assetless, and hollowed out by Chapter 7 liquidation, the functional governance structure has disintegrated and no constituent retains authority to provide legal direction, guidance, or informed consent on the entity's behalf.
>
> 6. Counsel cannot ethically fulfill fundamental obligations of competence, diligence, and communication under Indiana Rules of Professional Conduct 1.1, 1.3, and 1.4 because the corporate client has effectively ceased to exist as a functional legal entity. Under Seventh Circuit and Indiana authority, the total

[1] Artisan Alley's former counsel continues to represent the three Individual Defendants in this case.

> dissolution of a corporate client is akin to the death of a natural person, rendering ongoing representation practically and ethically impossible where the entity's assets have been liquidated and no successor exists.

*Id.* at 2–3.

On June 4, 2026, the Court granted counsel's motion to withdraw their appearance for Artisan Alley (Filing No. 65). Since that time, no counsel has appeared for Artisan Alley.

On July 24, 2026, Nahas filed the instant Motion for Default Judgment (Filing No. 67). Nahas requests that the Court order Artisan Alley to cause licensed counsel to appear within ten days, but, recognizing that such an order may be futile, alternatively seeks a Clerk's entry of default and default judgment for the claims against Artisan Alley for breach of contract, violations of the Indiana Wage Claims Statute, and violations of the FLSA. Specifically, Nahas asks the Court to establish corporate FLSA liability by default, enter default money judgments on the state-law counts, and defer final FLSA damages until the claims against the Individual Defendants are resolved.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See* Fed. R. Civ. P. 55; *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339–40 (7th Cir. 2004). Entry of a default judgment requires a two-step process. "Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." *C & S Mgmt., LLC v. Superior Canopy Corp.*, No. 08-CV-0029, 2013 WL 5291961, at *1 (N.D. Ind. Sep. 18, 2013). Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a party obtains an entry of default by

the clerk, then that party may file a motion with the clerk or the court for the entry of default judgment. *See* Fed. R. Civ. P. 55(b).

A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Damages, however, "must be proved unless they are liquidated or capable of calculation." *Wehrs*, 688 F.3d at 892.

## III. DISCUSSION

Nahas argues that because Artisan Alley is a corporation, it can litigate in federal court only through licensed counsel (Filing No. 67 at 1, 2). That is correct. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008). Recognizing that the Court should typically afford Artisan Alley a reasonable opportunity to obtain counsel before terminating its participation, Nahas first asks the Court to order Artisan Alley to cause licensed counsel to appear within ten days (Filing No. 67 at 2). *See Hagerman*, 545 F.3d at 582. Nahas then argues that "under the circumstances of the withdrawal of legal counsel for Artisan Alley, its former legal counsel has represented to the Court there are no authorized agents of the corporation who can take action," so "affording a period to retain counsel to represent the corporation appears to be a fruitless endeavor." *Id.* Thus, Nahas contends that the entry of a Clerk's default should occur immediately. *Id.* at 2–4.

Nahas bases his requests for a Clerk's entry of default on the argument that Artisan Alley's lack of representation and failure to participate constitutes a failure to defend. *Id.* at 2–3. In support, Nahas cites *e360 Insight v. Spamhaus Project*, 500 F.3d 594 (7th Cir. 2007). *Id.* In that case, default

was entered against a defendant company after its counsel withdrew and the company withdrew its answer to the complaint, indicating an election not to defend. *e360 Insight*, 500 F.3d at 596–97.

Here, although Artisan Alley did not withdraw its answer, its former counsel points out that an attorney cannot ethically fulfill fundamental obligations of competence, diligence, and communication under the Indiana Rules of Professional Conduct once the corporate client has effectively ceased to exist as a functional legal entity. Because Artisan Alley the corporation has been dissolved and rendered assetless by the Chapter 7 liquidation, the Court finds that its lack of representation and inability to participate in this action without counsel constitutes a failure to defend, and that any order requiring new counsel to appear would be futile. Accordingly, Nahas's request for entry of Clerk's default is **granted**, and his alternative request to order Artisan Alley to cause licensed counsel to appear within ten days is **denied as moot**.

Nahas next seeks an entry of default judgment and damages against Artisan Alley. He argues that no reason or method exists for Artisan Alley to contest allegations concerning the amount of damages, and a hearing is unnecessary when damages are liquidated or capable of ascertainment from definite documentary figures or detailed affidavits. *See Dundee Cement Co.*, 722 F.2d at 1323. Nahas contends that based upon the well-pleaded allegations of his Complaint, the Court should enter default judgment on the breach of contract claim in the amount of $95,110.19, and on the Indiana wage claim in the amount of $119,589.38, which is the amount on Nahas's Application for Wage Claim with the Indiana Department of Labor (Filing No. 67 at 5). He further asks the Court to "enter default as to Artisan Alley's FLSA liability but coordinate final FLSA damages with the adjudication of the claims against Cox, Robinson, and Rich," and "award properly established fees, costs, interest, and liquidated damages." *Id.*

The Individual Defendants oppose Nahas request for a default judgment against Artisan Alley and persuasively argue that they have standing to object, "where entry of a default judgment directly impairs the non-defaulting parties' substantive rights, exposes them to preclusive findings on joint-and-several claims, or serves as a predicate for alter-ego and veil piercing liability." (Filing No. 76 at 2)." The Court finds that the Individual Defendants have standing to object and will consider their arguments.

The Individual Defendants point out that while an unrepresented corporation may face a technical entry of default under Rule 55(a), entry of a final monetary default judgment under Rule 55(b)(2) is never automatic or granted as a matter of right. *Id*. at 3. Moreover, "[i]n a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all." *Home Ins. Co. of Illinois v. Adco Oil Co*., 154 F.3d 739, 741 (7th Cir. 1998). The Individual Defendants argue that before entering default judgment on Plaintiff's FLSA claim, the Court has an independent duty to verify whether the Complaint sets forth sufficient facts to establish threshold FLSA coverage. The Court agrees.

The Court declines to enter a default judgment and award any damages at this time because "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and "the district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Here, further inquiry is necessary because Nahas asserts that he intends "to pursue veil-piercing with respect to at least some of the individual Defendants on his breach of contract claim," and asserts that "Artisan Alley and the individual Defendants are alleged to bear joint and several liability for the same unpaid overtime concerning the FLSA claim." (Filing No. 67 at 4).

Moreover, determining liability and the relief requested is further complicated because cross-motions for summary judgment filed by the Individual Defendants' and Nahas remain pending. Until those motions are resolved, this Court cannot ascertain the default determinations on the FLSA claim. Nor can it determine the amount of any damages against Artisan Alley with reasonable certainty until the merits of the Individual Defendants' threshold coverage defenses are fully litigated.

"[A]lthough a default judgment establishes liability, it does not answer whether any particular remedy is appropriate." *e360 Insight*, 500 F.3d at 604. "Because this was a default judgment, the usual rule that a party should be given the relief to which it is entitled whether or not it has requested that relief does not apply. Instead, Rule 54(c) stipulates that '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.'" *WMS Gaming Inc. v. WPC Prods. Ltd*. 542 F.3d 601, 606 (7th Cir. 2008) (citation modified) (quoting Fed. R. Civ. P. 5(c)). Thus, the pleadings are more important for purposes of relief than they would have been had Artisan Alley appeared and contested the case.

In his reply, Nahas alternatively recommends that the Court should enter Rule 55(a) default now and reserve only those portions of Rule 55(b) relief that require additional evidence or coordination. (Filing No. 77 at 7). The Court agrees.

The entry of a default judgment remains committed to the sound discretion of the district court, which must exercise caution and ensure that the non-defaulting party is entitled to judgment as a matter of law. See *Stillwater of Crown Point Homeowner's Ass'n, Inc. v. Kovich*, No. 2:09-CV-157 PPSPRC, 2010 WL 1541188, at *2 (N.D. Ind. Apr. 15, 2010). The law provides that the moving party, Nahas, bears the burden of establishing that he is entitled to damages. Accordingly, exercising its discretion, the Court enters a Rule 55(a) clerk's default, and **holds in abeyance** entry

of a Rule 55(b) default judgment and claims of damages against Artisan Alley Ltd., until all claims and defenses against the Individual Defendants are fully adjudicated on the merits.

## IV. CONCLUSION

For the reasons explained above, Nahas's Motion for Default Judgment (Filing No. 67) is **GRANTED in part**. The Court orders the Clerk to enter a **CLERK'S DEFAULT** against Defendant Artisan Alley. The Court holds Nahas's Motion for Default Judgment **IN ABEYANCE AS TO LIABILITY on the claims against Artisan Alley**. This matter will be set for an evidentiary hearing on damages at a later date, in coordination with the adjudication of Nahas's remaining claims against the Individual Defendants. *See* Fed. R. Civ. P. 55(b)(2)(B)–(D) (stating the court may conduct an evidentiary hearing to "determine the amount of damages," establish the truth of any allegation by evidence," or investigate any other matter").

**SO ORDERED.**

Date: 8/31/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ARTISAN ALLEY, LTD.

Kathryn M. Cimera
Kathryn Cimera
kcimera@lawmgp.com

Patrick Conner Munson
Mallor Grodner, LLP
pmunson@lawmg.com

Jason R. Ramsland
Ramsland Law LLC
jason@rams.land

Patrick A Ziepolt
Mallor Grodner Plummer LLP
patrick@lawmg.com